IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.: 3:08cr61/LAC/EMT
3:14cv269/LAC/EMT

RODRICK SLACK

## REPORT AND RECOMMENDATION

Defendant has filed a document titled "Memorandum of Law in Support of Motion Under 28 U.S.C. § 2255(f)(3) to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (doc. 531), which the clerk has docketed as—and the court will construe as—a motion filed under 28 U.S.C. § 2255. Defendant failed to fill out and submit the court-approved form for use in section 2255 cases in accordance with Local Rule 5.1(J) for the Northern District of Florida. However, Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Therefore, after a review of Defendant's submission and the record, it is the opinion of the undersigned that amendment would be futile because Defendant's motion is untimely and should be summarily dismissed.[1]

BACKGROUND AND ANALYSIS

Defendant was convicted after a jury trial of conspiracy to possess with intent to distribute cocaine and cocaine base, and the court sentenced him to a term of 444-months imprisonment on December 9, 2008 (docs. 228, 282, 291). Defendant appealed only the imposition of a fine, and the

---

[1] Defendant's memorandum is also in excess of the twenty-five pages allowed by the Local Rules.

Eleventh Circuit's affirmed on December 14, 2009 (*see* doc. 390). Defendant filed the instant motion to vacate pursuant to the prison mailbox rule[2] on June 9, 2014. He claims that his attorneys were constitutionally ineffective prior to trial, during trial, at sentencing, and on appeal.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant purports to bring his motion pursuant to 28 U.S.C. § 2255(f)(3) (doc. 531 at 1–2). He cites Missouri v. Frye, 132 S. Ct. 1399 (2012) and Lafler v. Cooper, 132 S. Ct. 1376 (2012) in his "Statement of the Grounds for Review" (doc. 531 at 2). Each of these cases was decided well over a year before Defendant filed the instant motion and thus cannot serve as a basis for review. Defendant also cites Alleyne v. United States, 133 S. Ct. 2151 (2013) (doc. 531 at 24–26). Even if Alleyne were applicable to the facts of Defendant's case, it is not retroactively applicable on collateral review. *See* United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); *see also* United States v. Redd, 735 F.3d 88, 91 (2d Cir. 2013); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013); United States v. Miller, 542 F. App'x 526, 528 (7th Cir. 2013); In re Payne, 733 F.3d 1027, 1029–30 (10th Cir. 2013). Therefore, it also does not excuse the untimeliness of Defendant's motion.

---

[2] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)).  Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).  Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (citation omitted); Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012).  It only applies in "truly extraordinary circumstances." Johnson, 340 F.3d at 1226 (citing Jones, 304 F.3d at 1039–40; Drew, 297 F.3d at 1286).  The onus is on the moving defendant to show that he is entitled to this extraordinary relief. Johnson, 340 F.3d at 1226, Jones, 304 F.3d at 1040.  The court will not relieve a petitioner who has sat upon his rights. United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402–03 (5th Cir. 1999)).  Defendant offers no explanation for his failure to pursue collateral relief in a timely manner, and his citation to Frye, Cooper, and Alleyne does not suffice.  Therefore, Defendant's motion should be summarily denied as untimely.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2255 Proceedings.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos.: 3:08cr61/LAC/EMT; 3:14cv269/LAC/EMT

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this Report and Recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 531) be summarily **DENIED and DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 16th day of June 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**